***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before Deputy Commissioner Jones as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is a duly self-insured, and Crawford and Company is the servicing agent.
4. Plaintiff's average weekly wage was $439.00 yielding a compensation rate of $297.77.
5. Plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer on June 11, 1999.
6. The parties stipulated the following exhibits into evidence at the hearing before the Deputy Commissioner:
a. Stipulated Exhibit 1 — plaintiff's medical records
b. Stipulated Exhibit 2 — Industrial Commission Forms and filings
c. Stipulated Exhibit 3 — plaintiff's application
d. Stipulated Exhibit 4 — September 20, 1999 letter to Angela Barclay
7. Plaintiff's Exhibits 1a, 1b, 1c, and 1d, photographs of plaintiff, were entered into the evidence of record at the hearing before the Deputy Commissioner.
8. The issues before the Commission are: (i) what compensation, if any, is due plaintiff for the period of January 11, 1999 through the present; (ii) whether plaintiff is entitled to continuing medical treatment; (iii) and whether plaintiff's attorney is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1; and (iv) whether plaintiff's current inability to earn pre-injury wages is related to her status as an undocumented worker.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-two years old and had a sixth grade education. Plaintiff is a native of Mexico and speaks very little English. Plaintiff required an interpreter at the hearing.
2. In April 1999, plaintiff went to work with defendant, Staffmark, a temporary placement agency. Plaintiff was placed by defendant at Allen Canning as a label operator.
3. Plaintiff is an undocumented worker who has worked in the United States at various jobs since 1990.
4. On June 11, 1999, plaintiff was working with a machine and attempted to remove cans from underneath the machine. Plaintiff's hair became caught in the machine. The machine grabbed plaintiff with such force that a portion of her scalp was pulled from her head.
5. Plaintiff was transported to Sampson Memorial Hospital immediately after being dislodged from the machine.
6. Plaintiff was admitted to Sampson Memorial Hospital on June 12, 1999 and discharged on June 15, 1999. Plaintiff was diagnosed with a small abrasion to the left hand and a left periorbital laceration and extensive scalp laceration with avulsion.
7. Initially, plaintiff was treated by Dr. John F. McPhail who referred plaintiff to Dr. Jeffrey S. Church.
8. Plaintiff saw Dr. Church on June 30, 1999 at Wilmington Plastic Surgery.
9. In July 1999, Dr. Church took a skin graft which was approximately six by eight centimeters from plaintiff's right anterior lateral thigh. Plaintiff retains a scar on the thigh that has healed but is approximately five by four centimeters.
10. As for the laceration to the scalp, plaintiff has a scar that is visible when plaintiff's hair is lifted. Plaintiff hair has grown in the area of the laceration.
11. Dr. Church referred plaintiff to a neurologist to be sure there were no neurological problems as result of her injury by accident.
12. As a result of plaintiff's surgery, plaintiff has had complaints of headaches, dizziness and left eye pain. Dr. Church attributes these symptoms to post-concussive syndrome. Dr. Church referred plaintiff to a neurologist.
13. Plaintiff was seen by Dr. Kenneth S. White and Dr. Sampath V. Chayra. Plaintiff was diagnosed with post-traumatic headaches.
14. Dr. Charya indicated plaintiff could return to work but only to a job that was not strenuous and did not require lifting over 20-25 pounds.
15. Several surgeries have been performed to deal with the skin graft on plaintiff's head. The first scar revision surgery was on January 6, 2000 and plaintiff was released to return to work on January 12, 2000. The second scar revision was performed on February 28, 2000 and plaintiff was released to return to work fourteen days after February 28, 2000. The final revision surgery was performed on May 25, 2000 and plaintiff was released to return to work on June 13, 2000.
16. Dr. Church indicated plaintiff has no permanent impairment as result of the surgical procedure or her injury.
17. Dr. White reviewed the job description of inspector dated September 20, 1999. The job required plaintiff to watch cans as they proceeded down an assembly line, to pick up cans weighing approximately 15 ounces if the label was not securely adhered, to reglue the label on the can, and then set the can back on the conveyer belt. Plaintiff could sit or stand to perform the job duties. On October 28, 1999, Dr. White indicated this was an acceptable job based upon the restrictions as he had defined them.
18. Although Dr. Charya was not presented the job description until his deposition in this matter, he stated that he would have approved the job as tolerated.
19. Plaintiff returned to work as an inspector on November 1, 1999. Plaintiff's job did not require lifting over 20-25 pounds and she was paid her pre-injury wages. Plaintiff testified at the hearing that she was able to perform the job duties.
20. In December 1999, Allen Canning terminated its contract with defendant. As a result, Allen Canning wanted to convert all defendant's employees to Allen Canning employees. Allen Canning requested that immigration checks be performed on all employees because of previous problems with INS. As a result of the immigration check approximately thirty employees were found to possess improper documentation to legally work in the United States and were terminated. Plaintiff was one of these employees and was terminated on December 23, 1999. Plaintiff presented a false social security number and was not legally entitled to work in the United States. Every employee of defendant who was a legal resident was hired by Allen Canning.
21. On November 22, 2000 defendant filed a Form 24, Application to Terminate or Suspend Payment of Compensation pursuant to N.C. Gen. Stat. § 97-18.1, which was denied by the Commission. Defendant paid compensation for an additional two and a half years until this matter was brought before Deputy Commissioner Jones.
22. The Full Commission finds defendant has shown that but for plaintiff's illegal status plaintiff would have been able to obtain employment with Allen Canning in December 1999.
23. The Full Commission finds based upon the greater weight of the evidence that the inspector position offered plaintiff was suitable employment within her restrictions.
24. Plaintiff has not looked for work since December 1999.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional:
 CONCLUSIONS OF LAW
1. On June 11, 1999, plaintiff sustained an injury by accident arising out of and in the course of her employment. N.C. Gen. Stat. § 97-2(6).
2. As the result of her compensable injury by accident plaintiff was entitled to and has received temporary total disability compensation at appropriate points prior to her return to work with defendant-employer on November 1, 1999. N.C. Gen. Stat. § 97-29.
3. Defendant has produced evidence that a suitable job was available for plaintiff and that plaintiff was capable of obtaining a suitable job, taking into account both physical and vocational limitations.Burwell v. Winn-Dixie Raleigh, 114 N.C. App. 69, 441 S.E.2d 145 (1994). Plaintiff would have been able to obtain employment with Allen Canning but for her illegal alien status. Therefore, plaintiff is not entitled to payment of any further compensation after December 23, 1999. Gayton v.Gage Carolina Metals, Inc., 149 N.C. App. 346, 351, 560 S.E.2d 870
(2002).
4. Defendant reinstated payment of compensation to plaintiff on December 24, 1999 and is entitled to a credit for overpayments made to plaintiff after this date which shall be applied to any further compensation due plaintiff. N.C. Gen. Stat. § 97-42.
5. Plaintiff is entitled to have defendant provide for all reasonably necessary medical treatment arising from the compensable injury by accident. N.C. Gen. Stat. § 97-25.
6. Defendant has not defended this action without merit. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. As of December 23, 1999 plaintiff was entitled to no further disability compensation. Defendant is entitled to a credit for the overpayment of compensation since December 23, 1999 in the event that additional compensation comes due.
2. Defendant shall pay for all reasonably necessary medical treatment incurred or to be incurred by plaintiff as a result of her compensable injury by accident, including treatment by Dr. Chayra for plaintiff's headaches.
3. Defendant shall pay the costs.
This the ___ day of December 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER
LKM/kjd